UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTASHE GOLDEN, M.D.; THE
CALIFORNIA PRIMARY CARE
MEDICAL GROUP, INC. and
THE CALIFORNIA HOSPITALIST
PHYSICIANS, INC.,

        NO. CIV. S-12-0751 LKK/EFB

    Plaintiffs,

  v.

        <u>O R D E R</u>

DAMERON HOSPITAL ASSOCIATION,
a California Non-Profit
Association; NICHOLAS
ARISMENDI, an individual;
DIEGO FERRO, M.D. and
DOES 1-10, inclusive,

    Defendants.
_____/

    Defendants seek an order from this court sending all of plaintiffs' claims to binding arbitration. However, the court requires further briefing on the matter. Accordingly, defendants as the moving parties, shall, no later than fourteen (14) days from the date of this order, file a brief and any supporting papers, with the brief not to exceed ten (10) pages in length, regarding the following:

1

1. It appears that in order for this court to exercise its authority under the Federal Arbitration Act, the Agreements containing the arbitration clauses at issue must evidence "a transaction involving [interstate] commerce." 9 U.S.C. § 2. Defendants do not assert that any of these Agreements involve interstate commerce.[1] The Supreme Court however, has recently emphasized the importance of considering the Commerce Clause in determining whether a federal grant of authority may be exercised. See Nat'l Ass'n of Independent Business v. Sebelius, 567 U.S. ___, 132 S. Ct. 2566 (June 28, 2012). Accordingly, defendants, in their brief and any accompanying declarations and documentation, shall make a showing sufficient for the court to determine whether the Agreements at issue evidence a transaction involving interstate commerce.

2. Defendants seek an order of this court based upon the arbitration clause contained in the Hospitalist Agreement. That is an Agreement which is alleged (by plaintiffs) to be a contract between California Hospitalist Physicians, Inc. and Dameron Hospital. However, defendants have not submitted a final, signed Hospitalist Agreement, nor even a stipulation as to its existence and contents.[2] If defendants wish to compel arbitration pursuant

---

[1] The court is aware that plaintiffs have asserted that defendant Dameron is a recipient of federal funds. If defendants intend to rely upon this allegation, they must explain why it is sufficient to establish interstate commerce.

[2] The court is aware that plaintiffs have attached an Exhibit A, and that they allege that Exhibit A is the Agreement. However, Exhibit A is labeled "DRAFT 2," is unsigned, and purports to be

1  to this Agreement, they must provide a copy of it to the court,
2  accompanied by an authenticating declaration, or explain why they
3  have not done so.
4      3.   Defendants seek an order of this court based upon the
5  arbitration clause contained in the Recruitment Agreement.
6  However, defendants have not submitted a final, signed Recruitment
7  Agreement to the court, nor even a stipulation as to its existence
8  and contents.[3]  If defendants wish to compel arbitration pursuant
9  to this Agreement, they must provide a final, signed copy of it to
10 the court, accompanied by an authenticating declaration, or explain
11 why they have not done so.
12     3.   Plaintiffs shall have fourteen (14) days from the date
13 defendants' brief is filed, to file their response, if any.  The
14 legal portion of the response shall not exceed ten (10) pages in
15 length.
16     4.   There shall be no further briefing without further order
17 of this court.
18     IT IS SO ORDERED.
19     DATED:  July 17, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

between Dameron Hospitalist Medical Group and Dameron Hospital Association.

[3] The Recruitment Agreement submitted by defendants is not signed by all the parties to it.

3